UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6082-CR-FERGUSON

UNITED STATES OF AMERICA,

VS.

RYAN EVANS CREECH,

        Defendant.
_____/

### DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, **Ryan Evans Creech**, prior to trial and until the conclusion thereof.  Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A.    INTRODUCTION

On April 12, 2000, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any person and the community.  18 U.S.C. § 3142(f).  Based upon the Indictment of the Grand Jury, see United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985), the Court finds probable cause that the defendant, **Ryan Evans Creech**,



committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). Assuming, arguendo, that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by the "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that he poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.     FINDINGS OF FACT

1.     The defendant is charged with conspiracy to possess with intent to distribute methylenedioxymethamphetamine ("MDMA") and possession with intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Therefore, the defendant is charged with crimes involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2.     The Court received credible evidence that the defendant committed the offenses with which he has been charged. On March 1, 2000, a confidential informant

("CI") told DEA that **Ryan Creech** would be arriving in Fort Lauderdale from Atlanta for the purpose of purchasing 7,000 MDMA tablets through William Crawford. The CI further informed agents that **Creech** would be carrying a bag containing $20,000 for the MDMA purchase.

Agents set up surveillance at the Fort Lauderdale airport and observed **Creech** arrive carrying a bag. He proceeded to a hotel and then, with his bag, to the apartment of William Crawford. Crawford later exited the apartment with **Creech**'s bag and proceeded to the home of Robbie Acevedo. Within the hour, Crawford exited Acevedo's home with the bag and returned to his residence to pick up **Creech**. **Creech** and Crawford began travelling in the direction of the airport, at which time they were stopped by the Florida Highway Patrol. A police canine alerted to both the vehicle and the bag, and a subsequent search of the bag revealed 7,000 MDMA tablets. **Creech** and Crawford were then placed under arrest.

Crawford was read his <u>Miranda</u> rights and waived the same. He acknowledged participating in a narcotics transaction with Acevedo and **Creech**. Further, he stated that he was a member of an organization responsible for importing 5,000,000 MDMA tablets a month from Amsterdam.

**Creech** also was read his <u>Miranda</u> rights and waived the same. He told agents that he had just conducted a narcotics transaction with Acevedo and Crawford, paying $20,000 and receiving 7,000 MDMA tablets. **Creech** further advised that he had made in excess of 20 such purchases since June 1999, on each occasion receiving a similar quantity of MDMA. When the agent asked him about being part of an organization responsible for

importing 5,000,000 tablets per month, **Creech** stated: "You don't understand how big this organization is." Finally, **Creech** told agents that he earned $600 per trip and described how he body wrapped the narcotics for his return trip to Atlanta.

Following the statements of Crawford and **Creech**, agents proceeded to the residence of Robbie Acevedo. After agents advised Acevedo of his Miranda rights, Acevedo admitted to conducting a $20,000 narcotics transaction with Crawford. He told agents that the money was in his safe, which the agents then recovered. Acevedo further acknowledged being a member of an organization responsible for importing 5,000,000 MDMA tablets per month into the United States.

On April 1, 2000, law enforcement agents obtained a warrant to search **Creech**'s Atlanta residence. During the search, they located narcotics ledgers, travel documents, and telephone toll records linking **Creech** to his co-conspirators. Further, **Creech**'s roommate informed agents that **Creech** had telephoned him from the Broward County Jail, requesting that he dispose of a .9mm handgun under his bed. Agents later recovered the weapon and learned that it had previously been reported stolen in a residential burglary. 18 U.S.C. § 3142(g)(2).

3.  The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant is a United States citizen, having been born in Atlanta, Georgia. He does not possess a passport and has not traveled outside the United States within the past two years.

Prior to his arrest, the defendant resided in Georgia. His parents and brother reside in Georgia as well. The defendant is single and has no children.

4

The defendant advised that he has been unemployed for the past three months. Previously, he worked as a custodial worker and as a waiter/server. Accordingly, he does not report assets of significant value. 18 U.S.C. § 3142(g)(3)(A) and (B).

4.  The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. The defendant was arrested in possession of 7,000 MDMA tablets, and he acknowledged making in excess of 20 such purchases over the past year. Further, the case agent testified that a search of **Creech**'s Atlanta residence revealed narcotics ledgers. According to the agent, the ledgers show that **Creech** was the leader of an MDMA distribution ring in the Atlanta area. 18 U.S.C. § 3142(g)(4).

5.  The Court specifically finds by the preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6.  The Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C.  STATEMENT OF REASONS FOR DETENTION

1.  Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. The defendant is without any emotional or legitimate financial ties to the Southern District of Florida. Given the significant period of incarceration he would face upon conviction (the Government estimates a Guidelines range of 121 to 151 months), coupled with his

complete lack of ties to the Southern District of Florida, the undersigned does not believe that he would be likely to appear if released on bond prior to trial.

2. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. The defendant participated in an organization responsible for importing approximately 5,000,000 MDMA tablets per month. Moreover, he appears to have been the leader of an MDMA distribution ring in the Atlanta area. Accordingly, his possession of 7,000 MDMA tablets at the time of arrest appears to be part of a pattern of narcotics trafficking activity, not an isolated instance of misjudgment.

D.  DISPOSITION

Being fully advised, the Court hereby ORDERS that the defendant, **Ryan Evans Creech**, be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS

1. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an

appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 13th day of April 2000.

_____
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Wilkie D. Ferguson, Jr.
United States District Judge

Patrick Hunt, Esquire
Assistant Federal Public Defender
Attorney for Defendant

Roger Powell, Esquire
Assistant United States Attorney

United States Marshal

United States Pretrial Services