UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6082-CR-FERGUSON (s)

UNITED STATES OF AMERICA

v.

ROBBIE ACEVEDO, et al,

Defendants.
_____/

**NIGHT BOX FILED**

ᵕᵕᵕ 1 8 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / F.TL

### GOVERNMENT'S RESPONSE TO
### THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

- A. 1. The government is aware of any written or recorded statements made by the defendants.

  2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

  3. No defendant testified before the Grand Jury.

  4. The NCIC records of the defendants are attached.

  5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Fort Lauderdale, Florida, Suite 700. Please call the undersigned to set up a date and time that is convenient to



both parties. The undersigned will tentatively set the date for Friday, April 26, 2000 at 2:00 pm. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis report regarding the methylenedioxymthamphetamine (MDMA) in connection with this case is attached.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.  If you wish to inspect the truck driven by defendant Crawford used in the commission of the offense charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not

contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Date: From on or about June 2, 1999 through on or about March 1, 2000
> Place: Broward County, Florida

The attachments to this response are numbered pages 00001 - 00215 . Please contact the undersigned Assistant United States Attorney if any pages are missing.

> Respectfully submitted,
>
> GUY A. LEWIS
> UNITED STATES ATTORNEY
>
> By: _____
> ROGER W. POWELL
> ASSISTANT UNITED STATES ATTORNEY
> Florida Bar No.341411
> 500 E. Broward Blvd., Suite 700
> Fort Lauderdale, Florida 33394
> Tel:(954)356-7255; Fax:356-7336

cc: Special Agent Robert Crispin,
    DEA Drug Task Force
    Special Agent Scott Coley,
    DEA Drug Task Force

**CERTIFICATE OF SERVICE**

4

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this __18th__ day of __October__, 2000 to:

    Mr. Patrick M. Hunt, Esq.
    Attorney for Defendant Creech
    Assistant Federal Public Defender
    101 N.E. 3rd Avenue, Suite 202
    Fort Lauderdale, FL  33301

    Mr. Jeffrey M. Voluck, Esq.
    Attorney for Defendant Crawford
    440 South Andrews Avenue, 2nd Floor
    Fort Lauderdale, Fl 33301

    Mr. Bradley A. Goldbloom, Esq.
    Attorney for Defendant Acevedo
    200 S.E. 6th, Street, Suite 201
    Fort Lauderdale, Fl 33301

    Ms. Susan Wright Van Dusen , Esq.
    Attorney for Defendant Kroll
    1899 South Bayshore Drive
    Miami, FL 33133

ROGER W. POWELL
ASSISTANT U.S. ATTORNEY